IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00285-WJM-STV

KEVIN POGUE; *et al*,

    Plaintiffs,

v.

TIM BROWN,

    Defendant.
_____

**ORDER**
_____

Chief Magistrate Judge Scott T. Varholak

    This matter is before the Court on Plaintiff's Motion for Substituted Service on Defendant Tim Brown (the "Motion"). [#8] The Motion has been referred to this Court. [#9] Through the Motion, Plaintiff requests that the Court permit substituted service for Mr. Brown pursuant to Colorado Rule of Civil Procedure 4(f). [*Id.*] This Court has carefully considered the Motion and the related exhibits, the case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the reasons set forth herein, the Motion is **GRANTED**.

**I.    BACKGROUND**

    Plaintiff initiated this action on January 27, 2025, which seeks relief for construction defects and interference with an employment contract. [#1] Plaintiffs are currently involved in a related arbitration with Mr. Brown's company, Tim Brown Construction, LLC. [#8 at ¶ 2] In order to effectuate service on Mr. Brown in the instant

1

case, Plaintiffs initially contacted Mr. Brown's attorneys in the related arbitration, Gary Kuhn and Alex Touboul of Hall & Evans LLC in Denver, who declined to waive service. [*Id.* at ¶ 7]  Plaintiffs thereafter sent the complaint and summons to Mr. Brown via certified mail.  [#8 at ¶ 8]  Mr. Brown received the complaint and summons and had his arbitration attorney, Mr. Kuhn, respond by email.  [*Id.*]  Neither Mr. Brown nor Mr. Kuhn executed the waiver of service.  [*Id.*]

On February 27, 2025, a process server traveled to Mr. Brown's home in Pagosa Springs, Colorado, but could not get past the private gate to attempt service.  [#8 at ¶ 9; #8-2]  On March 1, 2025, the process server returned to the residence and spoke to Mr. Brown through a video doorbell.  [*Id.*]  Mr. Brown refused to accept service claiming that he would be in the Bahamas until June and told the process server to come back then.  [*Id.*]  Plaintiffs believe that Mr. Brown is still operating his business in Colorado and attempting to evade service.  [#8 at ¶ 19]  On March 5, 2025, Plaintiffs filed the instant motion seeking substituted service.

## II.   DISCUSSION

Federal Rule of Civil Procedure 4 governs service of a summons and complaint. Pursuant to Rule 4(e)(1), an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Colorado Rule of Civil Procedure 4(f) authorizes substitute service.  When the party attempting service "is unable to accomplish service . . . the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service."  Such a motion shall state:

> (1) The efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected.

Colo. R. Civ. P. 4(f). If the court is satisfied that due diligence has been used to attempt personal service, that further attempts to obtain personal service would be to no avail, and that the person to whom delivery of the process is directed is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall: "(1) authorize delivery to be made to the person deemed appropriate for service, and (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery." Colo. R. Civ. P. 4(f). For substitute service to be valid, it must comport with due process by being calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Here, the Court is satisfied that due diligence has been used to attempt personal service and that further attempts to obtain timely personal service would be to no avail. As outlined above, Plaintiffs have made numerous efforts to serve Mr. Brown but have been unsuccessful. Plaintiffs ask the Court to allow service on Attorneys Gary Kuhn and Alex Touboul, who represent Mr. Brown and his company in the related arbitration case. [#8 at ¶¶ 13, 15]

There are several examples of when substituted service on a defendant's current or former attorney is appropriate to effectuate personal service on the defendant. If an attorney is currently representing a defendant, it is reasonable to infer that the attorney

3

will give actual notice of service to that defendant, and substituted service on that attorney is therefore appropriate. *Two Rivers Water & Farming Co. v. Am. 2030 Cap. Ltd.*, No. 19-cv-01640-CMA-STV, 2019 WL 5535227, at *3 (D. Colo. Oct. 25, 2019) (citing *Contrada, Inc. v. Parsley*, No. 1:10-cv-00646-WYD-CBS, 2010 WL 2943428, (D. Colo. July 21, 2010)). Substituted service on a former attorney can also be granted when such service will reasonably apprise the defendant of the lawsuit. *Sandia Lab'y Fed. Credit Union v. Burg*, No. 1:24-cv-01443-SKC-STV, 2024 WL 4728025, at *4 (D. Colo. Nov. 8, 2024) (finding substitute service on Defendant's former attorney appropriate because it would reasonably give Defendant notice of the lawsuit and it comports with due process). Indeed, service upon an attorney, who may or may not have represented the defendant but has had dealings with them, can also be appropriate if the attorney has already given actual notice of service to the defendant. *JDK LLC v. Hodge*, No. 15-cv-00494-NYW, 2015 WL 2455504, at *2 (D. Colo. May 22, 2015) (ordering substituted service on attorney who had potentially represented defendants in settlement negotiations relating to the lawsuit and had provided actual notice of the lawsuit to them).

     Here, Mr. Kuhn represents Mr. Brown in the related arbitration and is in contact with Mr. Brown about service in the instant case. [#8 at ¶¶ 7-8; #8-1 at 1] Mr. Brown also appears to already be aware of Plaintiffs' claims against him—having discussed the same with his attorney and had his attorney respond [#8 at ¶ 8]—and is seemingly attempting to avoid service. The Court finds that the proposed substitute service on Attorneys Gary Kuhn and Alex Touboul is reasonably calculated to give Mr. Brown actual notice of the lawsuit and comports with due process.

## III. CONCLUSION

For the reasons stated above, it is **ORDERED** as follows:

(1) Plaintiff's Motion [#8] is **GRANTED**;

(2) Plaintiff is authorized to personally serve Defendant Tim Brown by substituted service on Gary Kuhn and Alex Touboul of Hall & Evans LLC at 1001 17th Street, Suite 300, Denver, CO 80202.

(3) Service of process shall be effectuated upon Defendant Tim Brown in accord with Colo. R. Civ. P. 4(f) by sending a copy of the summons, Complaint, and all other relevant documents, via registered mail with delivery confirmation, to the following location on or before the date of delivery of process to Gary Kuhn and Alex Touboul: Tim Brown at 1085 Oren Road, Pagosa Springs, CO 81147, as referenced in the Motion; and

(4) Plaintiff shall promptly file a status report informing the Court when such service is accomplished.

DATED: March 13, 2025                    BY THE COURT:

                                         s/Scott T. Varholak
                                         Chief United States Magistrate Judge